Good morning, Your Honors, and may it please the Court, my name is Kathleen Shen and I present the appellant, Mr. Aaron Sandusky. An application for a writ of habeas corpus under 28 U.S.C. § 2241 is the right vehicle for this claim. Mr. Sandusky's claim is that his continued incarceration violates the budget rider that prohibits the Department of Justice from spending money to prevent states from implementing medical marijuana authorization. And the only issue we have here in this case, as I understand it, is what is the correct vehicle, 2241 or 2255? Yes, Your Honor. The merits of it are off the table. Yes, Your Honor, the merits are not presently before this Court. And so the claim that Mr. Sandusky presented in his initial 2241 application was, and this is a quote from his application, whether the expenditure of requires his immediate release. This is a challenge to the execution or administration of his sentence, and it's cognizable under section 2241. It attacks the fact or duration of his sentence. It concerns the way that his sentence is being carried out, that is, through the use of Department of Justice funds. And so it's really analogous to a challenge to the denial of good time credits, to RDAP eligibility, or computation of sentence. It's not a challenge to the validity of the sentence that was imposed in this case, and therefore it's not cognizable under section 2255. Well, if the sentence is going to be essentially overruled as a result of this, isn't that a challenge to the sentence? No, Your Honor. The remedy he's seeking is release. Yes, but he's not seeking to challenge the validity of his sentence, just as a challenge to the denial of good time credits is seeking release or a shortening of a sentence. Even though that's the remedy being sought, it's not a challenge to the underlying sentence itself. But there's nothing wrong with the sentence itself. No, Your Honor. He doesn't have to serve it. He doesn't have to serve it if it is being accomplished through the spending of DOJ funds, because that is an unlawful expenditure. So could they put him in a cell and say, I'm sorry, but we can't afford to feed you? I'm sorry, Your Honor. Could they put him in a cell and say, you know, you make a good argument on this appropriation, Ryder, and we're sorry, but we just can't give you any more food, because we'd have to spend federal money for that. But your sentence is not being changed. Presumably, there would also be Department of Justice funding going towards the, there's sort of two responses to that. First, even in that scenario, there would still be DOJ funding for the building, for the prison guard telling them that we can't give you food. And setting aside, there also would be other legal problems to holding someone in a prison cell and not feeding them. And just to return to the question of what is a Section 2255 claim that's cognizable under that statute, Section 2255 is a vehicle for federal inmates to file motions to vacate, correct, or set aside sentences that were imposed in violation of federal law. And that's not what Mr. Sandusky is doing here. He's different from some of these cases that have been cited because he's already been convicted. Yes, Your Honor. And some of the folks who challenged this, Ryder, challenged it when they were charged. That's right, Your Honor. And so for someone who is currently being prosecuted, the claim is the Department of Justice can't spend money for prosecutors to come into court and prosecute me. And what kind of animal is that, then? Is that a 2255? I don't know exact procedural vehicle. I believe it's just some kind of pretrial motion that people may file. A 2255 requires in custody, doesn't it? Yes. And Your Honor, a case that is sort of instructive on this point is a Ninth Circuit decision in Kleinman, where that person had already been convicted and was basically arguing on appeal that the government couldn't continue to defend his conviction by bringing AUSAs into the court. And in that case, his claim failed because it was clear from the record that he was not in compliance with state medical marijuana laws. But the Ninth Circuit recognized that if he could prove that he was in compliance with medical marijuana laws, it wouldn't require his conviction to be vacated. It would just go to whether the Department of Justice was able to continue defending the conviction in court. So is that second part dicta? That second part is dicta, but I think it's instructive as to how this budget rider, which is unusual, would be applied. And also just an acknowledgment that when someone who has already been convicted, and Mr. Sandusky was convicted in sentence before the budget rider took effect, so he's not claiming that his conviction or sentence was imposed in violation of the rider. He's just claiming that his continued conviction or his continued incarceration using Department of Justice funding violates the rider. Can I ask you about a somewhat different issue that one of the arguments that Mr. Farley made in his response brief is that one of the alternative grounds for decision in the 2255 proceeding for Mr. Sandusky had been to reject essentially your theory of the omnibus rider. Now typically, say you have a direct appeal that the court decides a particular issue, even though it's certainly not subject to second and successive bars or collateral estoppel, typically in a habeas proceeding, you can't re-litigate an issue that's already been decided in a prior proceeding. So my question is, can we not affirm on alternative grounds the idea that this particular theory was rejected as an alternative ground in the 2255 proceeding and that that would not require a cross-appeal because it would be essentially affirming the dismissal without prejudice, because ultimately that theory would allow Mr. Sandusky in the future to file 2241 proceedings. He just can't prosecute a particular theory that's already been rejected through appeal in his earlier 2255. No, Your Honor. I have sort of three separate reasons for that. First, this claim has always sounded in 2241, and so Mr. Sandusky as a pro se litigant mistakenly included a 2241 claim in his initial 22 sort of omnibus 2255 motion. And the fact that the district court, which didn't have jurisdiction over that 2241 claim as an alternative ground, stated what it would have done if it did have jurisdiction isn't preclusive here. Second, you know, the government relies on the procedural bar in section 2244A, and that doesn't apply for a couple of reasons. First, section 2244A speaks to an inmate's ability to file multiple section 2241 applications. So this is Mr. Sandusky's first 2241 application, so the statutory bar doesn't apply on its face. And second, the government forfeited that argument, right? It didn't raise that until for the first time until it was on appeal, and in the district court below was specifically invited by the district court to provide any procedural or jurisdictional grounds or defenses it could to Mr. Sandusky's case. And in this case, there's no reason to overlook the government's forfeiture, you know, given that Mr. Sandusky is pro se, and also given that when Mr. Sandusky first raised his 2241 claim as part of his initial 2255 motion, the government's position was this is incognizable under 2255. The only thing they said was, you know, this isn't a 2255 claim. And then the district court, in one sentence, in addition to, you know, basically finding it didn't have jurisdiction to reach the claim, said also, you know, I disagree with it on the merits. Well, what issue is waived by the government, do you think? The government never raised this 2244 procedural bar or argued that Mr. Sandusky was barred from raising this claim in a 2241 issue. The government has not waived or forfeited, in your view, the actual merits of this issue, should it ever be answered? The government has. You think it's waived it? I mean, so we're done here? I mean, he wins? It's not part of this appeal. The district court only reached the statutory jurisdiction question, and then the government never actually briefed the merits below, and then on appeal for the first time argued that Mr. Sandusky was on the merits. So if we say, well, okay, it should be a 2241, reverse, go back to the district court, the district court can then hear what the government attempted to add to its appellate brief. Yes, Your Honor. So what we're asking for is for this court to find that the district court was wrong to dismiss on statutory jurisdiction grounds, send it back to the district court, for the district court to reach the merits of Mr. Sandusky's claim. And if there are no further questions, I'd reserve my remaining time for. Thank you. Thank you. Good morning. May it please the court, Paul Farley for the ward and gets. Let's talk about the 2244A issue. This court can affirm the decision of the district court on any ground that does not enlarge the rights, in this case, of one of the parties. And we had that discussion as to the merits, which are now off the table. You can affirm without having to unwind the 2244, 2255 conundrum based upon 2244A, because this court has previously held in the Martinez case. We talk about Stanko v. Davis, and I can get into that a little bit, but the case that's on point here is the Martinez case from 2006, which we cited in our brief. And that was a case where there was a 2255 that had been brought previously. The defendant had lost and then refiled a 2241 in a slightly different packaging. And in that case, this court affirmed the dismissal of the 2241 claims because they were predicated on the same factual basis as the 2255.  As I recall, I don't think that was... Wouldn't it make a big difference? Because if you present this Martinez theory here, and if this would effectively preclude Mr. Sandusky from ever prosecuting this same claim, which it seems logically that it would, if the idea is he's precluded now, well, obviously, because he's already unsuccessfully prosecuted the same theory and lost in the prior 2255, presumably, if he tries it a third time, he's also going to lose for the same reason. I don't think that's the case, Your Honor. And the reason I say that is because, again, we think this is properly a 55. In his original 2255, which he lost in the merits, he failed to seek further review from the Ninth Circuit of the Supreme Court. So, first of all, he had that opportunity for further review. In his application here, his original application, he says straight up that he believes that now, under the state of the law of the Ninth Circuit, he would have won that. Well, that's a classic, go to the Ninth Circuit and get authorization for a second or successful. And that's all, I mean, that's not an alternative ground for affirmance. That's a straight affirmance based on the fact that the argument that the district court gave is correct. So what I'm saying is, assuming that you're, if it's an alternative ground for affirmance, I think that means, by definition, that we're assuming that 2241 would ordinarily have been the correct remedy for Mr. Sandusky to prosecute this claim. My understanding of the alternative ground for affirmance under your Martinez theory is that even if 2241 would ordinarily be the appropriate remedy, that he can't do that because the claim, the theory had already been unsuccessfully prosecuted in the earlier 2255. I thought that's what you were arguing. Well, 2244A only applies to successive or abusive 2241 applications. It is not a bar, and that was the core of the Stanko holding, it is not a bar to a successive 2255. And so, if this court were to rule that a 41 is an improper vehicle, and that's the end of it here, that does not preclude him from pursuing a second or successive 2255 in California. And I think in Stanko, the court was very clear that it said that the last clause merely serves to clarify that the bar is not meant to affect claims properly brought under 2255. Here, he brought a 2255. He may have been ahead of the curve in the Ninth Circuit. This happens, right? We think of the decisions on 924C and some of the other cases, Johnson, where we had litigants who may have been ahead of the curve, and they had to seek second or successive relief. But someone has to be the first litigant to take it up, and he had that opportunity, and he took a pass on it. But your argument depends entirely upon how we view this challenge, whether it is a challenge to the legality of the sentence and conviction, or whether it is a challenge to the execution of the sentence. If we get into, and I'm happy to step into that discussion now, if we're talking about- We have to. I don't know how we can walk around it. Because I think the 2244A obviates the need to get into it, because certainly the Martinez case says, if you brought the same type of claim on the same factual basis and lost it previously, you're done. Even if it was wrongly described and wrongly brought? Yeah, I think- So if you bring a 2255, and it should have been a 2241, you have to just keep slamming the door and trying to get in as a 2255, even though you're going to lose, lose, lose. Yes, I think if the Central District of California court got it wrong, there was, first of all, a direct means of trying to remedy that, and there yet remains the opportunity to get an authorization for a second or successive. And I would go back to this court's decision in Stanko, where there were a variety of claims brought previously in Minnesota. And the court said that two of these mirror claims that were brought in Minnesota, and two others assert the same grounds, though the legal underpinnings are slightly different. And this court affirmed the dismissal of those claims under 2244A. So I think it closes the door on this, and without the necessity of, like I said, unwinding the 55 versus 41 issue. Now, I'm happy to step into that and talk about that. Okay. Both below and on appeal, Mr. Sandusky has argued that his continued detention by BOP as ordered by his sentencing court is illegal. And more to the point, his judgment commits him, quote, to the custody of the Bureau of Prisons for a term of 120 months. His claim that the BOP may not keep him in custody for 120 months is inherently an attack on his criminal judgment. Well, at the time of the criminal judgment, there was no rider, correct? That's correct. And so would you agree that at least to this extent, that Mr. Sandusky's claim is not that the district court did anything wrong when it imposed this judgment? At the time, that's correct. At the time. That's correct. Isn't that key? Then there's no illegal sentence and there's no illegal conviction? He's claiming it's illegal now. He needs to vacate that judgment or set it aside. A 2255 encompasses motions to vacate, set aside, or correct a sentence. Today, we would say that sentence is incorrect, illegal, invalid. What if the rider is rescinded tomorrow and he would say, well, then I go back to prison? And so I know your argument is that, well, you can't serve in installments and this would effectively nullify the sentence. And that may be a byproduct of his theory, but his theory is on its face. I am not saying that I get a free pass. I am not saying that I can't be reincarcerated. Paul Farley in the United States Department of Justice may ultimately say that I don't have to go back to prison, but that's not what I, Mr. Sandusky, am saying. I'm just saying that while this rider is in effect, they cannot keep me in prison. Once the rider is rescinded, I'm happy to go back and serve the remainder of my sentence. It's auspicious you raised that question at this moment, Your Honor, because government appropriations are going to expire tonight at midnight Eastern time. And as of this morning, we're waiting for the Senate to concur in House amendments before they send it to the President. I would submit it's probably unlikely that the appropriations are going to be provided for by midnight. So if I were to file a motion to dismiss as moot at 12.01, where would we be? Okay? We would take your motion under advisement. Absolutely. But that's the issue here. And we've had, you know, this and of course the continuing resolution, which they're only takes us to December 20th. So we're going to continue to do this little dance. The point is, this could easily be moot tomorrow. And presumably he would have to refile his claim. Well, it would be capable of repetition and yet evading review. It would be an interesting discussion to have. So yes, he can't be required to serve his sentence in installments. And so the effect of this would actually be to fully nullify, I think, the criminal judgment regardless of the appropriations. Because at the point where he's released, he's going to be put on supervised release. And the Ninth Circuit, let's see, I think it's in Nixon, which I cannot recall if it's in the brief. If it isn't, I'll file a 28J, but said that the rider doesn't affect federal courts authorities in the probation or supervised release context. So presumably he would be released and go immediately on supervised release. And so this would completely obliterate his sentence of imprisonment. There would be no going back to it, I don't think. I think it's hard to separate this from the fact of the court's sentence. And of course, if we tiptoe into the merits, you have to ask whether that was Congress's sentences across the country. I don't think I have anything further on this unless there are further questions. Thank you. Thank you. Your Honor, I just have a few points in response to what the government just said. First, on the question of Martinez. Martinez is an unpublished 2006 decision that is wrong. It misinterprets 2244A. And we know that because in a subsequent public decision in Stanko, this court recognized first that 2244A is about second or successive 2241 applications and is not triggered by a prior 2255 motion. In addition, Stanko notes that to the extent there are procedural bars to second or successive 2241 applications, they're governed by pre-EDPA case law governing the abuse of the writ, one of which, one of those rules being that- Well, when you think about it, of course, there has to be successive 2241s when you're talking about conditions of confinement. Those change every day, don't they? I'm sorry, Your Honor. Conditions of confinement change every day. And you bring conditions of confinement cases under 2241. So there has to be an opportunity for successive 2241s. Yes, Your Honor. And another point I just want to make is in Stanko, they note that under the pre-EDPA law governing abuse of the writ, it's the government's burden to plead abuse of the writ. And there they affirm because or the district court has to give the applicant notice and opportunity to respond, which was present there. Neither of those things is present in this case, which is another reason not to reach this claim that's raised for the first time, argument raised for the first time on appeal. I would also note Mr. Farley raises the prospect of going to the Ninth Circuit and filing a second or successive 2255 claim. I mean, first, this isn't a 2255 claim. So there's no second or successive 2255 claim to file. And to the extent he cites cases governing the Savings Clause and talks about Johnson, I mean, that all goes back to the issue of is this a 2241 claim or is this a 2255 claim? If it's a 2241 claim, we don't need to jump through the second or successive hoops. And all of those cases about just because you would lose doesn't mean you get to file again are also irrelevant. So we can set those aside. To the extent Mr. Farley is trying to characterize this as an attack on the validity of the judgment or sentence based on infelicitous phrasing used by Mr. Sandusky and his application, you know, Mr. Sandusky filed this pro se, and we should construe this in a way that's most consistent with his goals. And second, as I quoted from his application at the beginning, I think his application is actually very clear. He's seeking, he's attacking his continued incarceration and not his judgment or sentence. And then finally, you know, the government talks about the merits and how impractical it could be to enforce this budget, right? Or, you know, those things may all be true, but they don't go to the question of whether or not this is an attack on the sentence or whether this is about the execution of a sentence just because Congress enacted a law that has impractical effects doesn't transform this into a 2255 motion. And then, you know, just because Mr. Farley gestured at the merits or just say forthrightly that if this court were to reach the merits, our position is that the continued incarceration of Mr. Sandusky violates the budget rider because it prevents California from giving practical effect to its medical marijuana laws, which provide that people who comply with the medical marijuana laws not be incarcerated. Well, but that's a way far afield from what we know. We don't really know the detail. That's why the appropriate, what would be appropriate is to remand to the district court for it to reach the merits. If there are no further questions. Thank you. Thank you. Thank you both for your arguments this morning. The case is submitted. Our next case for argument is United States versus Robertson.